

# United States Bankruptcy Court
# for the District of Oregon

Thomas M. Renn, Judge
Jonni Paulsen, Judicial Assistant
Andrea Breinholt, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

March 20, 2020

Ms. Melisa Button *VIA ECF*
Hornecker Cowling LLP
14 N. Central Avenue #104
Medford, OR 97501

Mr. Joseph E. Kellerman *VIA ECF*
Hornecker Cowling LLP
14 N. Central Avenue #104
Medford, OR 97501

Mr. Michael R. Fuller *VIA ECF*
OlsenDaines
US Bancorp Tower
111 SW 5th Avenue #3150
Portland, OR 97204

Ms. Theresa Ann Lyon
8292 29th Street
White City, OR 97503-1222

RE: Ives, et al. v. Lyon; Adversary Proceeding No. 18-6064-tmr
Ives, et al. v. Lyon; Adversary Proceeding No. 18-3076-pcm

Counsel and Ms. Lyon:

At the hearing held on January 30, 2020, I took under advisement Plaintiffs' Motions in Limine in the two adversary proceedings and Mr. Lyon's Motion for Reconsideration. Ms. Lyon elected not to object to Plaintiff's Motion in Limine in her case. She filed a Declaration (Doc. #105; Adv. Proc. No. 18-3076) that speaks primarily to her concerns about telephonic testimony. To the extent her statements argue against granting the Motion in Limine, I accounted for them in that context. I have considered the parties' arguments, reviewed their submissions, and conducted my own research into the issues. For the reasons outlined below, I will partially grant the Motions in Limine and deny the Motion for Reconsideration.

<u>Timeliness of the Motions in Limine</u>. You are familiar with the underlying facts, so I will not recite them here. As Mr. Lyon points out, the deadline in his case for the parties to file dispositive motions ran at the end of 2018. Although Mr. Lyon moved to extend the deadline (Doc. #77; Adv. Proc. No. 18-3076) in order to file a motion for summary judgment, Judge McKittrick denied the motion because Mr. Lyon "provide[d] no explanation why he failed to

seek an extension prior to the expiration of the deadline" and he "supplied no explanation as to why he could not have discovered the relevant information in the three months between when he retained counsel and the deadline lapsed." *See* Order Denying Defendant's Motion to Extend Time to File Dispositive Motions (Doc. #79; Adv. Proc. No. 18-3076). I point this out to highlight the fact that the law of the case requires not a rigid adherence to the dispositive motion deadline, but rather, as Judge McKittrick stated, the need to "supply a compelling reason" to depart from it.

As you know, in considering whether to consolidate the two adversary proceedings for trial purposes, I discussed the pros and cons of doing so and clarified that Mr. and Ms. Lyon are responsible for defending their own cases. Further, because of the substantial overlap in factual and legal issues, I said that we would take a similar procedural approach in the two cases. This necessarily means that each case may take a slightly different procedural track than it otherwise would. The parties recognized this when they stated they did not object to the consolidation.

At several pretrial conferences held after entry of the August 15, 2019, Order Consolidating Cases for Trial Purposes Only, I discussed the importance of proceeding efficiently at trial as well as the possibility that my authority to hear certain matters may be limited by the previous arbitration that culminated in an award letter dated June 1, 2018 (Arbitration Award). To that end, the court imposed a September 20, 2019, deadline "to file any pretrial motion." *See* Summary of Proceedings & Minute Order entered September 12, 2019 (Doc. #86, Adv. Proc. No. 18-3076; Doc. #27, Adv. Proc. No. 18-6064). The Minute Order clarified that it was "without prejudice to the opposing party's ability to argue such motion is untimely or to the court's ability to deem it as such." Plaintiffs filed their Motions in Limine by the September 20 deadline. The threshold question is whether they should be denied as untimely.

Traditionally, a motion in limine serves to restrict evidence offered or referred to at trial. Although the federal rules do not reference a motion in limine, a trial court considers them as part of its inherent authority to manage the trial process. It is not a dispositive motion that could decide a claim or case in favor of the movant. In our cases, Plaintiffs previously moved for summary judgment, arguing that the doctrine of issue preclusion applies and that the arbitrator's findings satisfy the elements of their 11 U.S.C. § 523(a)(2) claims such that they were entitled to judgments as a matter of law. In that context, Plaintiffs framed the questions for the court as dispositive motions, which were denied for the reasons previously outlined by Judge McKittrick.[1]

By contrast, in their Motions in Limine, Plaintiffs ask me to determine whether and which purported *facts* outlined in the Arbitration Award are conclusively established such that Plaintiffs do not need to spend time and resources proving them at trial. Even if I determined that all the facts are conclusively established, without more, they would not resolve the § 523 claims or dispose of the cases. For these reasons, the Motions in Limine are not dispositive motions. Even though they dispose of discrete factual issues, the Motions promote efficiency at

---

[1] At the July 11, 2019, hearing in Ms. Lyon's case, I adopted Judge McKittrick's summary judgment analysis and denied Plaintiff's Motion for Summary Judgment. *See* Summary of Proceedings & Minute Order (Doc. #21; Adv. Proc. No. 18-6064).

trial and facilitate an early determination of the parameters of my jurisdiction. These are compelling reasons to allow the Motions as timely.

Merits of the Motions in Limine. ORS § 43.160 provides: "[t]hat only is determined by a former judgment, decree or order which appears upon its face to have been so determined *or* which was actually and necessarily included therein *or* necessary thereto." (Emphasis added). In analyzing the statute, the Oregon Court of Appeals stated:

> By the statute's plain terms, when the face of a judgment or order in a prior proceeding demonstrates that a matter was actually determined, the determination is preclusive. The issue must have been 'necessarily' resolved by a prior adjudication only if the face of a prior judgment or order does not demonstrate that it was in fact resolved. <u>In the context of arbitration proceedings, the same principles logically extend to the arbitration award memorializing the arbitrator's determinations</u>.

*Westwood Constr. Co. v. Hallmark Inns & Resorts, Inc.*, 182 Or.App. 624, 636 (2002) (internal citations omitted; emphasis added).

ORS § 36.700 provides that, after a party makes a petition to the circuit court for an order confirming an arbitration award, the court must issue a confirming order unless, within 20 days after the petition is served, a party requests that the arbitrator modify or correct the award or a party petitions the court to vacate, modify or correct the award. If a party seeks to vacate an arbitration award on the grounds that the award was "procured by corruption, fraud or other undue means," she must request vacatur "within 90 days after the grounds for challenging the award are known." ORS § 36.705(2). Absent a request to modify or vacate the award, Oregon law requires the circuit court to confirm an arbitration award, thereby making the act of doing so ministerial in nature. *Ameriflex Engineering LLC v. Zoller (In re Ameriflex Engineering LLC)*, 587 B.R. 108, 113 (Bankr. D. Or. 2018) ("No deliberation, discretion, or judicial involvement is necessary, rendering the act of confirmation of the award ministerial in nature.") As such, an unconfirmed arbitration award that is no longer subject to challenge merits the preclusive effect contemplated under ORS § 43.160.

In our cases, the parties pursued arbitration, which resulted in the Arbitration Award. At the hearing held on January 30, 2020, Plaintiffs' counsel represented that, after the arbitrator issued the Arbitration Award on June 1, 2018, but before Mr. Lyon filed his bankruptcy case on June 22, 2018, Plaintiffs petitioned the circuit court for an order confirming the award.[2] Defendants did not dispute this. Defendants also confirmed that they have not sought to modify, correct, or vacate the Arbitration Award.

In the context of these Motions in Limine, Defendants make several allegations regarding improper behavior by opposing counsel at the arbitration, including intimidation tactics and attempted (but failed) manipulation of a witness. Whether these actions occurred is not for me to decide. The Oregon Legislature outlines a clear framework and short timeline for aggrieved parties to challenge arbitration awards on statutorily-specified grounds. That framework does not include review by a bankruptcy court in a dischargeability action long after the deadlines to

---

2 The petition date also falls prior to the August 29, 2018, bankruptcy filing date for Ms. Lyon.

petition for vacatur have passed.   Aside from filing bankruptcy in order to discharge their debt to Plaintiffs, Debtors took no action with respect to the Arbitration Award.   They are therefore bound by it to the extent required by law.

In their Response and Declarations regarding the Motions in Limine, neither Defendant chose to address the five core elements for issue preclusion. *See Minihan v. Stiglich*, 258 Or.App. 839, 854-55 (2013).   For the reasons outlined by Plaintiffs, I find that the factual issues identified in the Arbitration Award are identical (except as limited below) to the issues in these cases, they were litigated and essential to the arbitrator's final decision, the Defendants had a full and fair opportunity to be heard, the parties in these cases are the same as those in the arbitration, and the arbitration is a type of proceeding entitled to preclusive effective.   While Defendants may feel they did not have a full and fair opportunity to be heard, they elected not to seek to vacate or modify the award under Oregon law.   When the law favors conclusive determinations of parties' rights, litigants cannot sit on their rights and then later complain that they did not get a fair opportunity to make their case.

As Mr. Lyon points out, the *Minihan* court provides that, even when the issue preclusion elements are met, "the court must also consider the fairness under all the circumstances of precluding a party."   *Minihan*, *id*. at 855 ((citing *State Farm v. Century Home*, 2075 Or. 97, 108 (1976), which states, "[i]f the circumstances are such that our confidence in the integrity of the determination is severely undermined, or that the result would likely be different in a second trial, it would work an injustice to deny the litigant another chance.")   As noted above, the Lyons discuss several alleged bad acts that occurred at the arbitration.   They do not, however, illustrate how "the result would be different in a second trial" or "the integrity of the determination is severely undermined."   Considering all the circumstances, I find that it would not work an injustice to rule in Plaintiffs' favor on the factual issues, as outlined below.   As I have previously stated, I will allow Defendants to make their arguments and present their story as they see fit.   But given the existence of the Arbitration Award and the apparent expiration of Defendants' right to challenge it, the Defendants are bound by the facts it conclusively establishes.

In the Arbitration Award, the arbitrator "announces [his] decision . . . following the hearing held on May 22, 2018, and [his] review of testimony, exhibits and submissions." While the arbitrator makes clear his decision to award Plaintiffs $37,530 in damages and deny the request for punitive damages, his "review" of the evidence does not, in each instance, translate to clear factual "findings" as that term is typically used.   In other words, applying the language of ORS § 43.160, I will treat as preclusive only what "appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."   My conclusions as to each sentence[3] of the Arbitration Award are outlined as follows:

---

3 Plaintiffs direct their request only to the language contained within the "General Damages" section of the Arbitration Award.   Because they do not request a ruling on the Punitive Damages section and because the language within that section does not, at this point, appear relevant to these cases, I will not address that section.

| *Language from the "General Damages" section of the Arbitration Award:* | *Preclusive value:* |
|---|---|
| "Mr. and Mrs. Lyon obtained bids from Ram Jack and TerraFirma in August and September of 2015." | This is a clear determination by the arbitrator based on his review of the evidence. I will treat this fact as conclusively established. To the extent that there's ambiguity in the term "obtained" or the parties advocate differing definitions of the term, they may make their arguments as they see fit. But where the arbitrator necessarily treats the Lyons as having acted in concert (or each with the knowledge and consent of the other) in this aspect, I will as well. |
| "Each report noted a settling at one corner of the house and in each direction from that corner." | This sentence summarizes the evidence and appears to accept it as true. I will treat it as determined by the arbitrator. To the extent that the degree or amount of settling is relevant, the parties will need to reference some other evidence including the reports, if admitted into evidence.[4] |
| "The testimony at [sic] hearing from the Ram Jack representative was that any settling in excess of .75 inches was material. The witness from TerraFirma testified that any settling of one inch or more was significant." | I will treat these only as the arbitrator's "review" of what the witnesses testified at the arbitration hearing. Given the witnesses' apparent lack of legal expertise, I will not treat their use of the terms "material" or "significant" as having any legal import. Further, because the Arbitration Award provides no context to fully assess the witnesses' use of these terms and because it does not discuss the underlying claims or elements to which the "material" or "significant" descriptors might apply, I cannot give them greater preclusive value than what is plainly stated in the Arbitration Award. |
| "The reports of 2015 from each of these companies reported a settling of more than one inch." | This sentence summarizes the evidence and appears to accept it as true. Given the placement of the sentence (prior to the statement that the "issues [the reports] address should have been disclosed") and the fact that it was necessary to the damages award indicates that the thing recited – "a settling of more than one inch" – was determined by the arbitrator and conclusively established for our purposes. To the extent that the relevant time period or the precise amount of settling is relevant, the parties will need to reference some other evidence including the reports, if admitted into evidence. |

---

4 This ruling does not change Plaintiffs' obligation in these cases to satisfy the evidentiary rules for admission of the two reports identified by the arbitrator.

| | |
|---|---|
| "The reports and the issues they address should have been disclosed to the Claimants." | The Arbitration Award is silent about the nature of Plaintiff's arbitration claim(s) or the legal basis upon which "the reports and the issues . . . <u>should</u> have been disclosed." The arbitrator's determination on this point is central to his ruling, but without any context, I cannot ascertain its legal significance. If Plaintiffs establish at trial that the issue addressed in this sentence is identical to an issue within their § 523 claims, I will reevaluate whether it is conclusively established. |
| "Without being informed of these reports, the Claimants were deprived of the opportunity to investigate further." | Plaintiffs have not shown how the issue of whether they were deprived of the opportunity to investigate further is identical to a factual issue in this adversary proceeding or how it is relevant to their § 523 claims. Further, without additional information, I have no reason to treat this sentence as a determination that Defendants prevented Plaintiffs from exercising their right to conduct an inspection of the property during the inspection period, as provided in the parties' Sale Agreement. As such, the doctrine of issue preclusion does not apply. I will not treat this as conclusively established. |
| "I award Claimants the sum of $37,530.00, against Respondent." | This appears upon its face to be (and necessarily includes) the arbitrator's determination of the amount of damages suffered by Plaintiffs. This is the basis of their claim against Defendants, and I will treat it as conclusively established. |

<u>Motion for Reconsideration</u>.  Mr. Lyon asks that I reconsider my order granting Plaintiffs' Motion for Telephonic Testimony in his case. *See* Summary of Proceedings & Minute Order entered November 25, 2019 (Doc. #101, Adv. Proc. No. 18-3076; Doc. #38, Adv. Proc. No. 18-6064).

> [A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.

*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted).

In his Motion, Mr. Lyon does not discuss any basis under FRCP 59(e) or 60 regarding why he is entitled to relief from this order, nor do I see that one applies. Plaintiffs filed their Motions for Telephonic Testimony on September 20, 2019. Mr. Lyon filed his Response in Opposition to Motion for Telephonic Testimony on September 22, 2019. Ms. Lyon did not file a formal response, but outlined at the November 21, 2019, hearing her frustrations with the

arbitration and her desire to see witnesses that testify against her. Although she subsequently filed a Declaration on December 31, 2019, she did not outline any new arguments or present additional evidence that she could not have raised prior to my ruling.

   In requesting that I reconsider allowing telephonic testimony, Mr. Lyon reiterates the arguments made in his Response regarding FRCP 43 and taking testimony in open court. He also asserts that he did not have an adequate opportunity to argue his position at the November 21, 2019, hearing. Counsel for Mr. Lyon indeed made arguments at the November 21st hearing. He made further arguments at the January 30, 2020, hearing. Yet none of them address the basis for my ruling. In granting the Plaintiff's Motion, I stated that "witnesses that cannot otherwise be compelled to attend pursuant to FRCP 45(c)" will be permitted to testify by telephone. Mr. Lyon does not discuss FRCP 45(c), nor cite any legal authority under which I can compel a witness who "resides, is employed, or regularly transacts business" more than 100 miles from the Eugene courthouse to attend and testify in person. Although FRCP 43(a) requires that a witness's testimony be taken in open court, that requirement is subject to the other rules of civil procedure, including FRCP 45(c).

   Mr. and Ms. Lyon focus their arguments on the alleged impropriety and manipulation of a certain witness's testimony during the arbitration. Ms. Lyon also emphasizes a desire to look witnesses "in the eyes." But even if there were improprieties in the arbitration, they are irrelevant to my ability to ensure adherence to all evidentiary standards in my court. They are also irrelevant to the analysis of whether to permit telephonic testimony in these cases, when appropriate under the rules. Finally, I note that the witness Defendants express the most concern about (Michael Hocevar) is not one of the individuals named on Plaintiffs' Motion for Telephonic Testimony.

   Finally, we are trying the case in Eugene – not Medford or Portland – based on the parties' agreement to do so. Where the parties, counsel, and witnesses are located at opposite ends of the state, Eugene is a central location that is equally convenient (or inconvenient) for everyone. Given the distance to the courthouse, the applicable rules and concerns about practicality require that I permit telephonic testimony under the circumstances I previously outlined. For these reasons, I will deny Mr. Lyon's Motion for Reconsideration.

   <u>Conclusion</u>. These are my findings of fact and conclusions of law and will not be separately stated. I will enter separate orders consistent with the above. I will also enter a Notice of Trial and Scheduling Order that outlines deadlines for submissions prior to trial.

            Very truly yours,

            THOMAS M. RENN
            US Bankruptcy Judge

TMR: jrp