Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>THERESA ANN LYON,<br>    Debtor. | Case No. 18-62661-tmr7 |
| CASSIDY IVES and<br>KYLE FRONCKOWIAK,<br>    Plaintiffs,<br>v.<br>THERESA ANN LYON,<br>    Defendant. | Adv. Proc. No. 18-6064-tmr |
| In re<br><br>BARTON REYNOLDS LYON,<br>    Debtor. | Case No. 18-32190-pcm7 |
| CASSIDY IVES and<br>KYLE FRONCKOWIAK,<br>    Plaintiffs,<br>v.<br>BARTON REYNOLDS LYON,<br>    Defendant. | Adv. Proc. No. 18-3076-tmr<br><br><br>MEMORANDUM DECISION[1] |

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 14 – MEMORANDUM DECISION

Plaintiffs Cassidy Ives and Kyle Fronckowiak filed two separate adversary proceedings against Defendants Theresa Lyon and Barton Lyon in their separate, individual bankruptcy cases. The court consolidated the two adversary proceedings for trial. Plaintiffs request that the court find that the arbitration judgments in their favor against Defendants, represented by money awards in the Arbitration Award and Supplemental Arbitration Award, are not dischargeable under 11 U.S.C. § 523(a)(2). I have reviewed the pleadings and documents filed by the parties, including the motions, responses, memoranda, and briefs related to this matter as well as to the original ruling on summary judgment. I have reviewed the cases cited by the parties and conducted my own research on the issues. The matter is ready for a ruling, and I find the debts are not dischargeable.

**Facts:**

Plaintiffs are married to each other. The arbitration awards at issue arise from an arbitration proceeding Plaintiffs initiated against Defendants for representations Defendants made to Plaintiffs when selling their home.

In 2016, Plaintiffs entered into a Real Estate Sales Agreement to purchase a home from Defendants who are former spouses. As part of the Sales Agreement, Defendants completed a Seller's Property Disclosure Statement ("Disclosure Statement") describing the real property. Pl.'s Trial Ex. 1, pages 14-18. Both Defendants signed the Disclosure Statement on October 6, 2016. In response to Disclosure Statement question 8a, at lines 181-182, both Defendants answered "unknown" to the question, "[a]re there problems with settling soil, standing water or drainage on the property on in the immediate area?" *See* Pl.'s Trial Ex. 1, pages 14. For question 9A, at lines 196-197, both Defendants answered "no" to the question, "[a]re there any other material defects affecting this property or its value that a prospective buyer should know about?"

On January 17, 2017, Plaintiffs completed the purchase of the home. Testimony of Kyle Fronckowiak. After completion of the sale, and during the late spring and early summer of 2017, Plaintiffs noticed cracks expanding on the walls and over a doorway. Ms. Ives testified that some of the cracks were over a foot long, and the largest was one-inch wide. Testimony of Cassidy Ives.

Around November 2017, Plaintiffs initiated mediation against Defendants, and around January 2018, the parties agreed to proceed to binding arbitration. On May 22, 2018, an arbitration hearing was held. Pl.'s Trial Exhibit 13, page 3. On June 1, 2018, the arbitrator issued an award in favor of Plaintiffs. Pl.'s Trial Exhibit 13. The arbitrator awarded Plaintiffs general damages against both Defendants in the sum of $37,530, along with costs, disbursements, and reasonable attorney fees, but declined to award punitive damages, finding that the clear and convincing standard required under ORS 31.730(1) had not been met. Pl.'s Trial Exhibit 13, pages 1-3. On June 25, 2018, the arbitrator issued a Supplemental Arbitration Award, which awarded Plaintiffs their attorney fees of $13,562.50. Adv. Proc. No. 18-6064, Doc. #1, Exhibit 2; Adv. Proc. No.18-3076, Doc. #1, Exhibit 2.

On June 22, 2018, Defendant Barton Lyon filed his voluntary petition for chapter 7 bankruptcy. Case No. 18-32190, Doc. #1. As part of his bankruptcy, he sought to discharge the Arbitration Award and the Supplemental Arbitration Award. On August 29, 2018, Defendant Theresa Lyon filed a separate chapter 7 bankruptcy. Case No. 18-62661, Doc. #1. As part of her bankruptcy, she also sought to discharge the Arbitration Award and the Supplemental Arbitration Award.

Plaintiffs filed two separate adversary proceedings against Barton Lyon and Theresa Lyon, respectively, to seek a determination of non-dischargeability of the Arbitration Award and

Supplemental Arbitration Award under § 523(a)(2)(A). *See* Adv. Pro. No. 18-3076, Doc. #1, and Adv. Proc. No. 18-6064, Doc. #1. Plaintiffs argue that Defendants "obtained money from Plaintiffs through false pretenses, false representations, and/or actual fraud," and that the damages Plaintiffs suffered "as a result of Defendant's fraudulent conduct was adjudicated and reduced to money awards in the Arbitration Award and Supplemental Arbitration Award." *See* Adv. Proc. No. 18-3076, Doc. #1, page 4; Adv. Proc. No. 18-6064, Doc. #1, page 4.

Plaintiffs filed a motion for summary judgment, a supporting brief, and a supplemental brief in each adversary proceeding, arguing that issue preclusion prevented the bankruptcy court from relitigating issues that were reduced to final judgment in a prior proceeding. *See* Adv. Proc. No. 18-6064, Doc. #9, Doc. #10, Doc. #11, Doc. #15; Adv. Proc. No. 18-3076, Doc. #9, Doc. #10, Doc. #11, Doc. #27. Specifically, Plaintiffs argued that the factual findings of the arbitrator supported both the elements of fraud and breach of contract, and thus preclusively established the elements of 11 U.S.C. § 523(a)(2). *See* Adv. Proc. No. 18-6064, Doc. #15, page 2; Adv. Proc. No. 18-3076, Doc. #27, page 2. On May 24, 2019, the court denied Plaintiffs' Motion for Summary Judgment against Defendant Barton Lyon. *See* Adv. Proc. No. 18-3076, Doc. #75. On July 11, 2019, I denied Plaintiffs' Motion for Summary Judgment against Defendant Theresa Lyon. Adv. Proc. No. 18-6064, Doc. #21.

**Jurisdiction:**

The bankruptcy court has jurisdiction to decide the claims at issue pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I).

**Section § 523(a)(2)(A):**

Section 523(a)(2)(A) excepts from a debtor's discharge debts for money obtained by "false pretenses, a false representation or actual fraud." *See* 11 U.S.C. § 523(a)(2)(A). To prevail

on a claim under § 523(a)(2)(A), a creditor must prove that: (1) the debtor made a representation, or omitted to state a material fact(s) to the creditor; (2) at the time that the subject representation or omission was made, the debtor knew that the representation was false, or knew that the omission created a false statement, and the debtor was under a duty to disclose the omitted information; (3) the debtor made the subject representation or omission with the intention of deceiving the creditor; (4) the creditor justifiably relied; and (5) the creditor sustained damages as the proximate result of the representation or omission having been made. *See Daniels v. Holman (In re Holman)*, 536 B.R. 458, 464 (Bankr. D. Or. 2015) (citing *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 n. 4 (9th Cir. 2001); *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). The creditor must prove each element by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286-91 (1991).

**Analysis:**

Although the adversary proceedings are consolidated for trial, I will address each defendant separately as I determine the dischargeability of the Arbitration Award and the Supplemental Arbitration Award. As noted in my rulings on Plaintiffs' motion for summary judgment, and prior motion in limine, I give preclusive value to the statements in the Arbitration Award and Supplemental Arbitration as described in those rulings.

**Element 1: Defendants' Representations**

First, I find that both Defendants omitted to state material facts to Plaintiffs. On November 22, 2016, both Theresa Lyon and Barton Lyon signed the Disclosure Statement where they answered "unknown" to the question, "[a]re there problems with settling soil, standing water or drainage on the property or in the immediate area?" *See* Plaintiff's Exhibit 1, page 18,

lines 181-82.[2] Additionally, both Debtors answered "no" to the question, "[a]re there any other material defects affecting this property or its value that a prospective buyer should know about?" See Plaintiff's Exhibit 1, page 18, lines 196-97. In my March 20, 2020, letter opinion, I found it conclusively established by the arbitrator's award that both Theresa Lyon and Barton Lyon obtained bids from Ram Jack and TerraFirma in August and September of 2015. See Adv. Proc. No. 18-6064, Doc. #44. Additionally, I accepted as established that each report noted settling at one corner of the house. *Id.*

I start first with Mr. Lyon, who testified that he completed the Disclosure Statement on behalf of himself and Ms. Lyon. By answering "unknown" and "no" to the questions, he failed to disclose material facts, specifically that Ram Jack and TerraFirma noticed settling affecting the residence and had prepared bids to correct that settling. A fact is material if a "reasonable investor might have considered them important in the making of [their investment] decision." *Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1323 (9th Cir. 1996), citing *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153-54 (1972). Although we do not have investors in this case, Plaintiffs were purchasers of the residence, so facts concerning the state of the residence are material to their decision to purchase. Additionally, both Ms. Ives and Mr. Fronckowiak testified that if they knew of the Ram Jack and TerraFirma reports, they would not have purchased the home, further supporting a finding that this information was material. Mr. Lyon's answers on the Disclosure Statement failed to disclose this information to Plaintiffs; therefore, I find he omitted to state material facts to Plaintiffs.

---

[2] Defendants' answer to this question could be construed as either a representation (representing that they did not know of any problems with settling soil, standing water, or drainage), or an omission (because Defendants failed to provide information about the Ram Jack and TerraFirma reports that indicated settling at one corner of the house). Based on either interpretation of the facts, I find that the first element is satisfied as to both Defendants.

For Ms. Lyon, I note that she did not personally complete the Disclosure Statement as she testified that she was working during the time that it needed to be completed. However, she testified that Mr. Lyon represented he was willing and able to fill out the Disclosure Statement on her behalf. Although Ms. Lyon did not personally fill out the Disclosure Statement, she testified that she reviewed the completed Disclosure Statement and electronically signed the document through a DocuSign service. When asked about her answers, Ms. Lyon testified that she believed answering "unknown" on the Disclosure Statement would open the door for further discussions. Given her knowledge of the answers on the Disclosure Statement, her decision to electronically sign the document through a DocuSign service, and the fact that she testified to receiving reports from Ram Jack and TerraFirma regarding the settling of the residence, I also find that Ms. Lyon omitted to state material facts to the Plaintiffs.

**Element 2: Debtors' Knowledge of the Falsity**

I start with review of Ms. Lyon's knowledge of the falsity. Ms. Lyon testified that approximately a year before listing the residence for sale she and Mr. Lyon decided to have the foundation inspected due to the presence of water under the house that was not draining well. She further testified that two separate companies, Ram Jack and TerraFirma, came out to do inspections, and both, according to Ms. Lyon, informed her that there was minimal settling in one corner of the home. She testified that it was her impression from the inspections that the home could have been originally built with the corner sunk a little. She further testified that it was her understanding that if additional settling occurred that helical piers would need to be installed, but that the settling was common for the area and although there was a possibility the settling could get worse, it might never change.

When asked about her responses to the Disclosure Statement, Ms. Lyon testified that she DocuSigned the Disclosure Statement after Mr. Lyon completed it. She testified that when she answered "unknown" to the question of whether there were problems with settling soil, standing water, or drainage on the property, she believed that she was "opening it up for discussion." She testified that if anyone had questions, "we were there to ask" and that there was no follow-up from the buyers or the realtor about her responses.

I find Ms. Lyon's testimony credible, but her testimony supports a finding that she knew her representations on the Disclosure Statement were false. Ms. Lyon was aware of the water under the home and the settling of the home reported by Ram Jack and TerraFirma. Although Ms. Lyon believed the settling was minimal, or that the home could have been built that way originally, she still knew of it when Mr. Lyon answered the Disclosure Statement questions on her behalf. Therefore, even though she intended to open discussion with her answer of "unknown," I find she knew this representation was false, given her knowledge of the water and settling. Leaving this open is not sufficient when the party has a duty to disclose.

Turning next to Mr. Lyon, he similarly would have known that his representations were false. The facts pertaining to Mr. Lyon are somewhat different, but they lead to the same conclusion. Mr. Lyon testified that he was never in contact with representatives from either Ram Jack or TerraFirma, but he relied on the representations of Ms. Lyon about their inspections of the residence. He testified that at the time the reports were made he would not have had a problem paying for the foundation work. Based on his wife's representations, and his understanding of the reports, he was also under the impression that there was not a problem, and therefore chose not to have foundation work done. However, Mr. Lyon testified that he checked

Page 8 of 14 – MEMORANDUM DECISION

"unknown" because he had concerns with water under the house, and he was not sure whether to check "yes" or "no" when responding to the questions on the Disclosure Statement.

Similarly, to Ms. Lyon, Mr. Lyon knew there was water under the house, and knew that Ram Jack and TerraFirma prepared reports noting settling of the house. Although he testified that he believed the water and settling were "not a problem," he still knew of their presence when completing the Disclosure Statement. For these reasons, I find Mr. Lyon knew of the falsity of his statements at the time he completed the Disclosure Statement.

**Element 3: Defendants' Intent to Deceive or Reckless Disregard for the Truth**

A debtor's intent may be proven by circumstantial evidence. *Rubin v. West (In re Rubin)*, 875 F.2d 755, 759 (9th Cir. 1989); *Daniels v. Holman (In re Holman)*, 536 B.R. 458, 465 (Bankr. D. Or. 2015). In the alternative, a creditor may prove that a debtor failed to disclose a material fact when the debtor was under a duty to disclose such fact, and the omission was made with an intent to deceive or a reckless disregard for the truth. *Harmon v. Kobrin*, (*In re Harmon*), 250 F.3d 1240, 1246, n. 4 (9th Cir. 2001); *Advanta Nat'l Bank v. Kong (In re Kong)*, 239 B.R. 815, 827 (9th Cir. BAP 1999); *Houtman v. Mann (In re Houtman)*, 568 F.2d 651, 656 (9th Cir. 1978) (reckless disregard for the truth satisfies scienter requirement for nondischargeability of a debt under § 17(a)(2), former rule prior to 11 U.S.C. § 523(a)(2)(A); case overruled on other grounds).

I find that the heart of this case lies with this element. After careful review of the evidence, I find both Defendants acted with a reckless disregard for the truth, and therefore this element is satisfied.

Both Defendants denied their intent to deceive Plaintiffs when selling their home. Ms. Lyon testified that she and Mr. Lyon were proud homeowners and did their best to keep the

Page 9 of 14 – MEMORANDUM DECISION

Case 18-06064-tmr    Doc 70    Filed 03/31/22

home in good repair. She also testified that she was excited to see a young couple interested in purchasing the home where they could live and eventually raise a family. Ms. Lyon further testified that she opened her home up on a separate occasion to have Ms. Ives show visiting friends the property. In Ms. Lyon's words, her door was always open. Mr. Lyon similarly testified that he and Ms. Lyon were meticulous about upkeep of the house. I do not doubt that the Lyons cared for their home over the twenty-nine years they owned it.

I previously found that Defendants failed to disclose material facts with respect to the residence. Now, I find that this failure to disclose such facts was done so with a reckless disregard for the truth. I start with Mr. Lyon. He testified that he knew of the water under the house and scheduled the appointments with Ram Jack and TerraFirma to inspect the issue. Although he was not present for their inspections, both he and Ms. Lyon testified that she contacted him after each inspection to provide information about the Ram Jack and TerraFirma reports. Mr. Lyon was therefore aware of both reports and the settling that was discovered. When Mr. Lyon completed the Disclosure Statement, he testified that he had concerns with the water, and therefore marked "unknown."

I find Mr. Lyon's testimony credible, but it shows a reckless disregard for the truth. Mr. Lyon knew of the water under the house, knew of the reports, and although he believed foundation work was not needed at the time, he still had concerns with the water, which led him to the decision to check "unknown" and "no" on the Disclosure Statement. Mr. Lyon believed marking these answers would provide buyers an opportunity to ask additional questions, but the obligation to disclose was greater. Mr. Lyon's concern indicates to the court that he knew this information could be material to the buyer's decision to purchase the home and could indicate the home might need foundation repairs. However, he recklessly decided not to disclose this

information. I do believe that Mr. Lyon had no ill will towards the buyers, but if he had concerns and wanted to have further discussions with the buyers about the water and foundation reports, he should have disclosed this information. Failing to disclose information that he knew of concerning the water and the foundation, even if he believed it was minimal, is a reckless disregard for the truth.

I similarly find that Ms. Lyon acted with a reckless disregard for the truth. Ms. Lyon also testified to knowledge of water under the home. She was also present during the Ram Jack and TerraFirma inspections. She received a handwritten report from Ram Jack and an emailed report from TerraFirma, both of which indicated settling in the home foundation. Ms. Lyon testified that it was her understanding that the settling was minimal, or that the home could have been built that way, and therefore did not require repairs. As previously noted, Ms. Lyon relied on Mr. Lyon to complete the Disclosure Statement, but eventually signed the document. She similarly testified, that like Mr. Lyon, she answered "unknown" and "no" to the questions at issue so it would "open things up for discussion."

Ms. Lyon's decision to answer "unknown" and "no" on the Disclosure Statement was a reckless disregard for the truth. Circumstantial evidence supports this finding. She testified that she pointed out the crack over the dining room to her real estate agent prior to selling the home. This decision to point out the crack shows that she, like Mr. Lyon, had her own concerns with shifting of the home, and whether such information needed to be disclosed. Although she believed the settling and foundation issues were minimal, her decision not to disclose them on the Disclosure Statement was a reckless disregard for the truth. She may have had good intentions in trying to open discussions, but it was a reckless disregard for the truth to not make the buyers aware of the foundation reports from Ram Jack and TerraFirma.

Page 11 of 14 – MEMORANDUM DECISION

**Element 4: Reliance**

11 U.S.C. § 523(a)(2)(A) does not state the degree of reliance required for § 523(a)(2)(A), but the Ninth Circuit citing the Supreme Court has held that a creditor's reliance "need be only justifiable, not reasonable." *In re Apte*, 96 F.3d 1319, 1322 (1996), citing *Field v. Mans*, 116 S. Ct. 437, 446 (1995). "[A] person is justified in relying on a representation of fact 'although he might have ascertained the falsity of the representation had he made an investigation.'" *Field*, 116 S. Ct. at 444.

At trial, Mr. Fronckowiak testified that he relied on representations made by the Lyons regarding the home, and I find his testimony credible and his reliance justifiable. Mr. Fronckowiak testified that in the late spring and early summer after purchasing the home he and Ms. Ives noticed cracks forming above a door and on the walls. Due to concerns he had with these cracks he contacted the home inspector who conducted the pre-purchase inspection, and that inspector recommended TerraFirma come to inspect the residence. Mr. Fronckowiak testified that he had TerraFirma come out for an inspection. After that inspection Mr. Fronckowiak was notified by TerraFirma representative, Brent Coriarty, that the year prior to this, the residence had been previously inspected by TerraFirma, and a bid made. Mr. Fronckowiak testified that this previous inspection and bid, and a second inspection and bid completed by Ram Jack were never disclosed by Defendants, and had he and Ms. Ives known of either, they would not have purchased the home.

Ms. Ives also testified that upon seeing the cracks appearing in the home, she and her husband reviewed the sale paperwork again to "see if there was something in the paperwork [they] had missed" with respect to cracks or damage in the home. She testified that they did not

see anything. She also testified that had she known of the two reports and bids from Ram Jack and TerraFirma, she and her husband would not have purchased the home.

Mr. Fuller asked, and Ms. Ives testified, that she and her husband had a standard home inspection done but chose not to have the residence professionally inspected for settling soil before purchasing. However, their decision not to perform a more intensive home inspection does not diminish their reliance on the Lyons' representations. "Bankruptcy law… does not require [Plaintiffs] to have investigated the [Defendants'] factual representations in order to demonstrate justifiable reliance." *In re Diamond*, 285 F.3d 822, 827 (9th Cir. 2002), *citing Field v. Mans*, 516 U.S. 59, 70, (1995) (holding that duty to investigate was not a predicate to demonstrating justifiable reliance under §523(a)(2)(A), discussing Restatement (Second of Torts § 540 (1976)). *See also In re Apte*, 96 F.3d 1319, 1323 (9th Cir. 1996), *citing Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1080, 1090 (9th Cir. 1996); *Defined Benefit Pension Plan v. Kirsh (In re Kirsh)*, 973 F.2d 1454, 1459 (9th Cir. 1992) ("[N]egligence in failing to discover a misrepresentation is not a defense to fraud.").

Therefore, I find that both Mr. Fronckowiak and Ms. Ives justifiably relied on Mr. and Ms. Lyons' representations on the Sellers' Disclosure Statement, and of the state of the home.

**Element 5: Damages**

Per my March 20, 2020, letter opinion, I previously found that the arbitrator's award to Plaintiffs in the sum of $37,530.00 against Defendants, which was described in the June 1, 2018, Arbitration Award was conclusively established. Further, Plaintiffs Ms. Ives and Mr. Fronckowiak submitted evidence of a June 25, 2018, Supplemental Arbitration Award in the amount of $13,562.50 that was entered in their favor against Defendants. I find both awards represent damages that were a proximate result of the Defendants' omissions.

**Conclusion**

Based on the evidence received, and under the law as described in this memorandum, I find both the Arbitration Award and the Supplemental Arbitration Award against Defendants to be nondischargeable under §523(a)(2)(A). This memorandum sets forth my findings of fact and conclusions of law as required by Federal Rules of Civil Procedure 52(a), made applicable to this contested matter under Federal Rules of Bankruptcy Procedure 7052 and 9014. They will not be separately stated, but they will be reduced to judgment separate from this memorandum. Counsel for plaintiffs should lodge a separate proposed judgment in each adversary proceeding consistent with this ruling.

###