Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>THERESA ANN LYON,<br>               Debtor. | Case No. 18-62661-tmr7 |
| CASSIDY IVES and<br>KYLE FRONCKOWIAK,<br>               Plaintiffs,<br>               v.<br>THERESA ANN LYON,<br>               Defendant. | Adv. Proc. No. 18-6064-tmr |
| In re<br><br>BARTON REYNOLDS LYON,<br>               Debtor. | Case No. 18-32190-pcm7 |
| CASSIDY IVES and<br>KYLE FRONCKOWIAK,<br>               Plaintiffs,<br>               v.<br>BARTON REYNOLDS LYON,<br>               Defendant. | Adv. Proc. No. 18-3076-tmr<br><br><br><br>MEMORANDUM DECISION ON ATTORNEY FEES[1] |

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 14 – MEMORANDUM DECISION ON ATTORNEY FEES

After consolidating two separate adversary proceedings for trial, I awarded judgments of nondischargeability in favor of Plaintiffs Cassidy Ives and Kyle Fronckowiak against Defendants Theresa Lyon and Barton Lyon in their separate, individual bankruptcy cases. Plaintiffs have filed separate petitions, moving under Federal Rules of Civil Procedure (FRCP) 54(d), applicable in bankruptcy under Federal Rules of Bankruptcy Procedure (FRBP) 7054, for an award of attorney fees and costs incurred during the adversary proceedings. Defendants oppose the requests. I have reviewed the pleadings and documents filed by the parties, including the petitions, responses, and memoranda related to the fee requests as well as those pleadings related to the original ruling in support of the judgments. I have also reviewed the cases cited by the parties and conducted my own research on the issues. The matter is ready for a ruling, and I find that Plaintiffs are not entitled to recover their attorney fees.

**Facts:**

Background information surrounding this matter can be found in the Memorandum Decision filed in each of the adversary proceedings,[2] but I have included in this memorandum some limited facts helpful for this ruling. Prior to the bankruptcy filing, Plaintiffs signed a form contract to purchase a residence with related real property from the Defendants. After the sale closed, a dispute arose related to the sale, and Plaintiffs pursued claims against Defendants, ultimately obtaining favorable rulings in arbitration including a supplemental award for attorney fees. After both Defendants filed separate chapter 7 bankruptcy cases, Plaintiffs filed these adversary proceedings asserting claims under 11 U.S.C. § 523(a)(2).[3] After the conclusion of a

---

[2] Adv. Proc. No. 18-6064, Doc. #70; and Adv. Proc. No. 18-3076, Doc. #137.

[3] Unless otherwise noted, all statutory references in this decision are to Title 11 of the United States Code (the Bankruptcy Code).

Page 2 of 14 – MEMORANDUM DECISION ON ATTORNEY FEES

trial, in a written decision and separate judgments filed in both proceedings, I held that the Arbitration Award and the Supplemental Arbitration Award were not dischargeable with respect to both Defendants.

Plaintiffs rely on the sale contract, which is the Residential Real Estate Sale Agreement admitted as Plaintiffs' Exhibit 1 at the trial, as the sole basis for the recovery of their attorney fees. That agreement includes an attorney fee provision that reads as follows:

> "The prevailing party in any arbitration between Buyer and Seller shall be entitled to recovery of all reasonable attorney's fees, filing fees, costs, disbursements, and mediator and arbitrator fees."

Page 9, Provision 37.3, entitled "Mediation and Arbitration Between Buyer and Seller." Defendants oppose the award of any attorney fees, but they do not dispute that this is the relevant provision from the contract.

Plaintiffs have moved under FRBP 7054 for a supplemental judgment in each proceeding awarding their reasonable attorney fees and costs incurred in obtaining the judgments. FRBP 7054(b)(2)(A) incorporates FRCP 54(d)(2)(A)-(C) and (E) in adversary proceedings. Those rules require the party seeking attorney fees to file a motion within 14 days after entry of the judgment and to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." FRCP 54(d)(2). Plaintiffs filed their motion timely and have specified the contract provision as the basis for the allowance of attorney fees.

**Jurisdiction:**

The bankruptcy court has jurisdiction to decide the claims at issue under 28 U.S.C. §§ 1334 and 157(a), and Oregon Local District Court Rule 2100-2. This proceeding and the motion for attorney fees are core proceedings under 28 U.S.C. § 157(b)(2)(I). All parties have consented,

and I find that this court has constitutional authority to enter final orders and judgments in this matter.

**Attorney Fees in Bankruptcy:**

Bankruptcy law generally does not provide for the recovery of attorney fees by either party in litigating bankruptcy law issues. *See Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co.*, 549 U.S. 443, 448 (2007), *citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975) ("American Rule" limits recovery of attorney fees). Bankruptcy law, however, will enforce state statutes or clauses in contracts authorizing fees unless bankruptcy law expressly disallows the fees. *See Travelers*, 549 U.S. at 452 (overruling Ninth Circuit *Fobian*[4] rule prohibiting the recovery of attorney fees for litigating issues "peculiar to federal bankruptcy law"). The Supreme Court has acknowledged that the American Rule is a "bedrock principle" requiring "specific and explicit" authority to deviate from the rule and award fees. *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015), *quoting Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010); *Alyeska Pipeline*, 421 U.S. at 260.

In *Travelers*, the Supreme Court stated that courts have "long recognized" that state law governs the substance of claims and the resulting award of attorney fees. *Travelers*, 549 U.S. at 450. The fact that a party incurred the fees in litigating issues of bankruptcy law does not change the analysis and is not a basis alone for disallowing a claim for attorney fees. *Travelers*, 549 U.S. at 453 (no basis in Bankruptcy Code for Ninth Circuit rule). Thus, an unsecured creditor may be entitled to an award of attorney fees incurred postpetition based on a prepetition contract if allowed under applicable state law. *See Centre Ins. Co. v. SNTL Corp. (In re SNTL Corp.)*, 380

---

[4] *Fobian v. W. Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir. 1991).

B.R. 204, 221 (9th Cir. BAP 2007), *aff'd* 571 F.3d 826 (9th Cir. 2009) (adopting BAP opinion). Both *Travelers* and *SNTL* involved creditors' claims against the bankruptcy estate and not § 523 claims against the debtor. With claims involving exceptions to discharge against the debtor, the Ninth Circuit BAP has stated that it "is particularly true" that the right to attorney fees is governed by state law. *Charlie Y., Inc. v. Carey (In re Carey)*, 446 B.R. 384, 390 (9th Cir. BAP 2011) (litigation has no direct impact on the bankruptcy estate).

In cases involving § 523(a)(2)(A) litigation, the Supreme Court applied an analysis different from *Travelers* to determine whether attorney fees could be recovered. *See Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998). In *Cohen*, the Supreme Court concluded that the discharge exception covers any debt resulting from the fraud including treble damages, attorney fees, and other relief. *Cohen*, 523 U.S. at 223. Based on *Cohen*, the Ninth Circuit BAP has concluded that the § 523(a)(2)(A) exception includes all liability, including attorney fees, arising from the fraud, but it further provided that the creditor must prove that it can recover the fees outside of bankruptcy. *Levitt v. Cook (In re Levitt)*, BAP No. AZ-07-1166, 2008 WL 8448069 at *6 (9th Cir. BAP July 22, 2008).[5] *See also Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 526 (Bankr. D. Idaho 2008) (*Cohen* rather than *Travelers* and *SNTL* governs in § 523 litigation).

*Cohen* described the "determinative question" as whether a court would award attorney fees outside of bankruptcy under state or federal law. *See AT&T Universal Card Servs. Corp. v. Pham (In re Hung Tan Pham)*, 250 B.R. 93, 99 (9th Cir. BAP 2000); *see also Fry v. Dinan (In re*

---

[5] *Levitt* is designated "Not for Publication." Under the appellate rules, unpublished memorandum dispositions have no precedential value, but they may be cited for their persuasive value. *See* Ninth Circuit BAP Local Rule 8024-1(c)(2); and Federal Rule of Appellate Procedure 32.1.

*Dinan)*, 448 B.R. 775, 785 (9th Cir. BAP 2011).[6] The *Pham* court further stated that exceptions to discharge should "be construed narrowly and in favor of the debtor." *Pham*, 250 B.R. at 97. In the fraud context, the courts have suggested the existence of a broad-based liability covering all liability "arising on account of debtor's fraudulent conduct." *See Dinan*, 448 B.R. at 785. In *Dinan*, the Ninth Circuit BAP asserted that, under *Cohen*, a prevailing party's attorney fees were included as part of all liability arising under state law on account of the fraudulent conduct. *Dinan*, 448 B.R. at 785. This approach applies to attorney fee cases based either on a statute or a contract. *Dinan*, 448 B.R. at 786. *See also Redwood Theaters, Inc. v. Davison (In re Davison)*, 289 B.R. 716, 724 (9th Cir. BAP 2003) (court must look to contract to determine if fees allowed in tort action).

Defendants cite to the Ninth Circuit opinion in *Fulwiler* for the proposition that a § 523 action is not an "action on a contract" under Oregon Revised Statutes (ORS) 20.096. *Grove v. Fulwiler (In re Fulwiler)*, 624 F.2d 908, 910 (9th Cir. 1980) (nondischargeability action under the Bankruptcy Act).[7] The Circuit said in *Fulwiler* that the action arose entirely under federal bankruptcy law, so the court could not rely on the Oregon statute in allowing attorney fees. *Fulwiler*, 624 F.2d at 910. As stated above, *Travelers* involved a creditor's claim against the bankruptcy estate, but the Court did emphasize the presumption "that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed."

---

[6] To be clearer, because state courts cannot determine § 523(a)(2) claims, we might add to the determinative question the following: "for establishing those elements of the claim which . . . support a conclusion of nondischargeability." *See Haun*, 396 B.R. at 528.

[7] As one of three cases supporting the *Fobian* rule, the Supreme Court arguably called *Fulwiler* into question when overruling *Fobian* in *Travelers*. *Travelers*, 549 U.S. at 452 (court failed to identify basis for disallowing contract claim for attorney fees). As noted by Defendants, however, the Ninth Circuit has cited *Fulwiler* as controlling law even after *Travelers*.

Page 6 of 14 – MEMORANDUM DECISION ON ATTORNEY FEES

*Travelers*, 549 U.S. at 452. In a footnote, *Travelers* points out that the relevant California and Oregon statutes applied only to an "action on a contract" which did not apply to the claims asserted in the three cases. *Travelers*, 549 U.S. at 452 n.3 (claims failed as a matter of state law).

The other cases relying on *Fulwiler* and cited by Defendants have similar concerns, because they either rely on bankruptcy law alone or an interpretation of a state statute requiring that the action be "on a contract." In *Woods*, the plaintiff asserted no statute or contract providing a basis for a fee award, and the court held it thus was not entitled to an award under bankruptcy law. *Emerald Empire Banking Co. v. Woods (In re Woods)*, 25 B.R. 16, 17-18 (Bankr. D. Or. 1982) (American Rule applied). In *Itule*, the Ninth Circuit BAP refused to hold that a prevailing creditor was entitled to fees under the lease, because the action was premised on a federal cause of action and did not trigger the contract clause. *Itule v. Metlease, Inc., (In re Itule)*, 114 B.R. 206, 212-13 (9th BAP 1990) (Bankruptcy Code does not provide for attorney fees). *See also Bos v. Bd. of Trustees (In re Bos)*, 818 F.3d 486, 490-93 (9th Cir. 2016) (not an action on a contract under California Civil Code § 1717 or ERISA); *Bank of the West v. Curtis (In re Curtis)*, No. 21-55850, 2022 WL 1439131 at *2 (9th Cir. May 6, 2022) (unpublished) (not an action on a contract under California Civil Code § 1717). *But see Asphalt Prof'ls, Inc. v. Davis (In re Davis)*, 595 B.R. 818, 838 (Bankr. C.D. Cal. 2019) (under California Civil Code §§ 1021 and 1032, language in agreement was broad enough to cover § 523 fraud claim). *See also Penrod v. AmeriCredit Fin. Servs. (In re Penrod)*, 802 F.3d 1084, 1087 (9th Cir. 2015) (first condition for application of California Civil Code § 1717 is that action must be on a contract).

These determinations are consistent with *Cohen*, which said that the debt found to be not dischargeable under § 523(a)(2)(A) could include attorney fees if state law provided for them. *See Cohen*, 523 U.S. at 223. In determining attorney fee awards, a federal court must apply the

Page 7 of 14 – MEMORANDUM DECISION ON ATTORNEY FEES

Case 18-06064-tmr    Doc 93    Filed 08/18/22

law of the forum state. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (Hawaii law). To determine whether Plaintiffs in this case may recover attorney fees, we look to Oregon law and to the language of the relevant agreement. *See 3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co.*, 990 F.2d 487, 489 (9th Cir. 1993) (applying California law).

**Oregon Law:**

Oregon applies the general rule that attorney fees are not recoverable unless they are expressly authorized by statute or contract. *See Hughes v. Bembry*, 256 Or. 172, 177-78 (1970) ("narrow policy" on allowance of attorney fees); *see also Riedel v. First Nat'l Bank of Oregon*, 287 Or. 285, 290-91 (1970) (emphasizing court's "historical antipathy" toward awarding attorney fees). In this case, the parties agree that no Oregon statute applies to create a right to attorney fees. Plaintiffs point to the Residential Real Estate Sale Agreement (Plaintiff's Exhibit 1, page 9) as the basis for their right to recover attorney fees. The parties also do not dispute that Plaintiffs were the prevailing party in both the arbitration and these adversary proceedings. *See* ORS 20.077 (prevailing party is party who receives favorable ruling). Plaintiffs here received a favorable judgment on their claims with the holding that the two arbitrator's awards were excepted from the discharge. I must, therefore, determine whether the attorney fee provision in the Residential Real Estate Agreement "specifically authorizes" an award of fees for litigating in the adversary proceedings. *See Menasha Forest Products Corp. v. Curry County Title, Inc.*, 350 Or. 81, 88 (2011) (prevailing party was entitled to attorney fees "expended or incurred" based on escrow contract).

The Oregon Supreme Court has said that in contract interpretation "the court's first inquiry is what the words of the contract say, not what the parties say about it." *Eagle Industries, Inc. v. Thompson*, 321 Or. 398, 405 (1995) (dispute over fee provision); *see also Oregon v.*

*Heisser*, 350 Or. 12, 25 (2011) (court construes contract as a matter of law). In this case, the words of the contract say "the prevailing party in any arbitration between buyer and seller" is entitled to attorney fees and costs. Plaintiffs assert that, once they prevailed at arbitration, the contract provision gives them the right to all attorney fees and costs including those incurred in these adversary proceedings. Defendants claim that the fee provision limits the fees to those incurred in the arbitration. As mentioned above, Oregon cases construe attorney fee provisions narrowly. *See Hughes v. Bembry*, 256 Or. at 177-78.

In *Hughes*, the Oregon Supreme Court affirmed that narrow approach by holding that the attorney fee provision did not apply, because the case was not an action "to establish, obtain or enforce any right" as described under the lease. *Hughes v. Bembry*, 256 Or. at 177. The bankruptcy trustee had sued to collect the balance of the purchase price under the debtors' real estate lease containing an option to purchase. The trial court had determined that, after default, the trustee was not entitled to recover the option payments which were essentially a prepayment of rent. The Supreme Court affirmed the trial court's ruling that the defendants were not entitled to attorney fees, because the trustee as plaintiff was not attempting to "enforce" the lease as required by the lease terms to trigger the right to attorney fees.

In contrast, the Oregon Court of Appeals affirmed an award of fees in a case where the tenant prevailed on fraud claim, finding that the fraud claim (a tort) arose out of the lease which contained a broad attorney fee provision. *Meduri Farms, Inc. v. Robert Jahn Corp.*, 120 Or. App. 40, 45 (1993) ("[i]f suit or action is instituted in connection with any controversy arising out of this lease"). The court found that the "in connection with" language in the fee provision covered the fraud claim. *Meduri Farms*, 120 Or. App. at 45.

In a case with more restrictive contract language, the Court of Appeals determined that the fee provision applied only to the contract claim and therefore did not cover the tort claims asserted by plaintiffs. *Zidell v. Greenway Landing Dev. Co.*, 89 Or. App. 525, 528-29 (1988) ("[i]n the event suit or action is instituted to enforce or interpret the terms of this agreement"). The court said that the analysis depended on the wording of the contract as a matter of law, and, although the negligence claim was related to the contract claim, it was not an action "to enforce or interpret" the contract terms. *Zidell*, 89 Or. App. at 529 (reversing award of attorney fees).[8]

In a separate example, the courts treat appeals in Oregon as separate from the underlying litigation. The Oregon Supreme Court has repeatedly said that a contract attorney fee provision does not cover attorney fees incurred for prosecuting appeals. *See Adair v. McAtee*, 236 Or. 391, 396 (1964) (policy decision best left to the legislature); *McMillan v. Golden*, 262 Or. 317, 322 (1972) ("to enforce any of the provisions of this contact" was not sufficient to award attorney fees for appeal). The Oregon Court of Appeals has followed those decisions. *See Synectic Ventures I, LLC, v. EVI Corp.*, 244 Or. App. 406, 412 (2011) (court not allowed to infer any different intent without clear fee provision). *Synectic Ventures* contained a very broad provision allowing attorney fees if "any action at law or in equity is necessary to enforce or interpret the terms of this Agreement." *Id.* at 409. The court held that the *Adair* principle controlled and prevented any award of attorney fees for appeals without a clear reference in the contract. *Synectic Ventures I, LLC, v. EVI Corp.*, 244 Or. App. at 412. *See also Malot v. Hadley*, 102 Or.

---

[8] *Zidell* was overruled on its prevailing party analysis under ORS 20.096 by *Newell v. Weston*, 156 Or. App. 371, 375 (1998) ("prevailing party means the party who prevails on claims that are subject to the statute, not the party who prevails on all claims in the action"). *Newell* did not change the contract interpretation aspects of the opinion.

Page 10 of 14 – MEMORANDUM DECISION ON ATTORNEY FEES

App. 336, 340 (1990) ("rule is clear" that attorney fees on appeal are not allowed "in the absence of express language authorizing attorney fees on appeal").

Plaintiffs cite to an Oregon Court of Appeals case where the court compelled the plaintiff to participate in arbitration and allowed fees. *Koster Remodeling & Construction, Inc. v. Jataka*, 155 Or. App. 142, 144 (1998). In *Koster*, the plaintiff chose to file a lawsuit, but based on local rules the court transferred the case to its mandatory arbitration program. The attorney fee provision in the parties' agreement provided for an award of fees "in the event suit or action is instituted to enforce" the contract. The arbitrator refused to award attorney fees based on the "suit or action" limitation in the provision, but the trial court disagreed and awarded attorney fees. Finding that the plaintiff chose to file a lawsuit and did not elect to pursue arbitration, the Court of Appeals affirmed after concluding that the attorney fee provision applied. *Koster Remodeling*, 155 Or. App. at 146. Being diverted to mandatory arbitration differs from litigation in a separate bankruptcy case.

The Oregon Court of Appeals recently interpreted an attorney fee clause matching the one in our case. In *SNJ Online*, a prospective buyer under a land sale contract filed a lawsuit in state court against the seller for breach of contract. The contract contained a provision that "[t]he prevailing party in any arbitration" was entitled to attorney fees and costs. *SNJ Online, LLC, v. EYEC, LLC*, 313 Or. App. 634, 636 (2021). The Court of Appeals affirmed the trial court's summary judgment ruling that the contract provision made no mention of litigation and therefore did not unambiguously provide for attorney fees outside arbitration. *SNJ Online*, 313 Or. App. at 636. The attorney fee provision in *SNJ Online*, appears to have the same language as the attorney

fee provision in this case.[9] In another case, the Court of Appeals interpreted ORS 36.715(3) to treat fees incurred in arbitration separate from fees incurred in post-arbitration judicial proceedings. *See Weitman Excavation, LLC v. CPM Dev. Corp.*, 276 Or. App 583, 591 (2016) (authorization of fees for judicial proceedings does not extend to arbitration). The ruling emphasized the difference between arbitration and judicial proceedings. *Weitman Excavation*, 276 Or. App at 591, *citing Harrell v. Dove Mfg. Co.*, 234 Or. 321, 326 (1963) (arbitration takes place outside judicial proceeding). This separate treatment is consistent with the contract interpretation in *SNJ Online*.

Oregon law construes attorney fees provisions narrowly and considers the historical antipathy of the courts toward awarding attorney fees. To be included in a contract, the attorney fee provision must have explicit language that "specifically authorizes" the award. The words of the contract in our case limit the award of attorney fees to the "prevailing party in any arbitration." As the Oregon Court of Appeals ruled in *SNJ Online*, that language does not provide for an award of attorney fees outside of the arbitration. Therefore, plaintiffs are not entitled to an award of attorney fees for litigating the exception to discharge claims in the bankruptcy adversary proceedings.

**Costs:**

The complaints filed in these adversary proceedings sought a determination that the two arbitrator's awards were excepted from the bankruptcy discharge under § 523(a)(2)(A). The only

---

[9] In *SNJ Online*, the attorney fee provision as detailed in a section marked "Mediation and Arbitration between Buyer and Seller" was as follows: "The prevailing party in any arbitration between Buyer and Seller shall be entitled to recovery of all reasonable attorney fees, filing fees, costs, disbursements, and mediator and arbitrator fees." Appellant-Cross-Repondent's (sic) Confirmed Reply and Answering Brief on Cross-Appeal, *SNJ Online, LLC, v. EYEC, LLC*, No. CA A171789, 2021 WL 4202074 at *24 (Jan. 11, 2021).

Page 12 of 14 – MEMORANDUM DECISION ON ATTORNEY FEES

claims asserted were federal claims, and unlike attorney fees, the contract provision does not apply to limit the assessment of costs. Federal law, therefore, applies in deciding whether to award costs. FRBP 7054(b)(1) provides that the bankruptcy court may award costs unless a statute or the bankruptcy rules prohibit an award. Here, no statute or rule prohibits the award of costs. When awarding costs in federal litigation, 28 U.S.C. § 1920 defines allowable costs and includes clerk filing fees, copying costs, and witness fees.

In this case, Plaintiffs seek reimbursement of $713.10 in expenses related to this litigation as follows: $350.00 adversary filing fee (only one), $181.00 motion for relief filing fee, $102.10 deposition fee, and two $40 witness fees. The filing fee, deposition fees, and witness fees all fall within the allowable costs, and I will approve those requests. Plaintiffs' fee petition, however, does not provide a reason for including the $181 relief from stay motion fee, and the bankruptcy court denied that motion. The main bankruptcy case closed immediately after denial of the motion, and the stay terminated. *See* § 362(c). Plaintiff filed the motion in the main case, and not in the adversary, and relief from stay was not needed to proceed with the adversary proceeding. For those reasons, I will exercise my discretion and deny the requests to allow the $181.00 as a cost in these adversary proceedings. Therefore, I will allow Plaintiffs a total of $532.10 in costs.

**Conclusion:**

Based on the analysis described in this memorandum, I find that Plaintiffs are not entitled to an award of attorney fees in pursuing the § 523 litigation in these adversary proceedings, but they are entitled to an award of $532.10 for their costs. This memorandum sets forth my findings of fact and conclusions of law as required by FRCP 52(a), made applicable to this adversary proceeding under FRBP 7052. They will not be separately stated, but they will be reduced to

Page 13 of 14 – MEMORANDUM DECISION ON ATTORNEY FEES

judgment separate from this memorandum. I will draft and enter a separate judgment in each adversary proceeding consistent with this ruling.

###